UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Yumei Li-Bachar, | Case No. 22-cv-0485 (WMW/DJF) |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| Johnson & Johnson and Ethicon, Inc., | |
| Defendants. | |

---

Before the Court are Defendants' motion to transfer venue, (Dkt. 12), and motion to dismiss, (Dkt. 27). For the reasons addressed below, the Court grants Defendants' motion to transfer venue and denies as moot Defendants' motion to dismiss.

## BACKGROUND

Plaintiff Yumei Li-Bachar is a resident of Michigan. Defendant Johnson & Johnson (J&J) is a corporation headquartered in New Jersey. Defendant Ethicon, Inc. (Ethicon), is a wholly owned subsidiary of J&J located in New Jersey. Defendants manufacture and sell pelvic mesh products.

In 2007, Li-Bachar was implanted with Gynecare TVT transvaginal mesh (TVT) manufactured by Ethicon to treat stress urinary incontinence. The surgery occurred in Windsor, Ontario. On April 5, 2021, Li-Bachar underwent revision surgery in Rochester, Minnesota, which involved dissection of the TVT from Li-Bachar's urethra.

Li-Bachar commenced this action in February 2022, alleging negligence, strict liability failure to warn, and fraudulent concealment. Defendants now move to transfer venue and dismiss.

## ANALYSIS

### I.     Motion to Transfer Venue

Defendants seek to transfer this action to the United States District Court for the Western District of Michigan, Southern Division (Lansing). Li-Bachar opposes the motion.

"For the convenience of parties and witnesses, in the interest of justice," a district court may transfer a civil action to a district court in which the action could have been brought. 28 U.S.C. § 1404(a). Congress created Section 1404(a), the transfer statute, to codify the common law doctrine of *forum non conveniens*, which permits the transfer of a case to a more convenient forum, even though venue is initially proper in the district court in which the case was filed. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007). A district court has broad discretion when considering a Section 1404(a) motion to transfer. *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 697 (8th Cir. 1997). The decision to transfer under Section 1404(a) involves a two-step inquiry.

First, the district court must determine "whether the action might have been brought in the proposed transferee district." *Valspar Corp. v. Kronos Worldwide, Inc.*, 50 F. Supp. 3d 1152, 1155 (D. Minn. 2014) (internal quotation marks omitted). Second, the district court must weigh three factors, which are whether transfer would be (1) convenient for the parties, (2) convenient for the witnesses, and (3) in the interests of justice. *See Terra Int'l*, 119 F.3d at 691. A district court evaluates the circumstances of the case when considering

2

all relevant factors. *Id.* The party seeking transfer bears a "heavy burden" of proof to establish that transfer is warranted, as the movant must show "that the balance of factors strongly favors" transfer and not merely "that the factors are evenly balanced or weigh only slightly in favor of transfer." *Bae Sys. Land & Armaments L.P. v. Ibis Tek, LLC*, 124 F. Supp. 3d 878, 884 (D. Minn. 2015) (internal quotation marks omitted).

The Court must first determine whether venue would be proper in the Western District of Michigan. A civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Defendants argue that venue is proper in the Western District of Michigan under Section 1391(b)(2) because Li-Bachar alleges that she has been a Michigan resident at all times relevant to this action and, therefore, experienced her injuries in Michigan. Li-Bachar contends that the record does not contain information about where Li-Bachar suffered her injuries.

Li-Bachar's complaint alleges that she was a resident of Michigan, was implanted with transvaginal mesh in Ontario in 2017, and underwent revision surgery in Minnesota in 2021. But a court may consider matters beyond the pleadings when determining whether

venue is proper. *See*, *e.g.*, *Advanced Logistics Consulting, Inc. v. C. Enyeart LLC*, No. 09-cv-0720 (RHK/JJG), 2009 WL 1684428, at *2 (D. Minn. June 16, 2009). Here, Defendants rely on a "Plaintiff Profile Form" that Li-Bachar submitted as a part of a 2015 pelvic repair system products liability litigation against Ethicon brought in the Southern District of West Virginia.[1] On that form, Li-Bachar listed her address as Lansing, Michigan and, in the section titled "Outcome Attributed to Device," checked boxes next to "pain," "extrusion," "infection," "urinary problems," "bowel problems," "recurrence," "bleeding," "dyspareunia," and "vaginal scarring." The record, therefore, establishes that that Li-Bachar resided in Michigan when she suffered the effects of the injury that led to the filing of this action. For this reason, the Court concludes that venue is proper in the Western District of Michigan because "a substantial part of the events or omissions giving rise to the claim occurred" there. *See* 28 U.S.C. § 1391(b)(2).

Because venue would be proper in the Western District of Michigan, the Court next analyzes the other Section 1404(a) factors.

### A. Convenience of the Parties

Defendants argue that the Western District of Michigan would be a more convenient forum for both parties. Li-Bachar contends that the Court should not second-guess her decision to bring this action in Minnesota because she chose Minnesota of her own accord and with the guidance of legal counsel.

---

[1] The parties do not dispute that the West Virginia action was based on the same facts as this action.

4

When analyzing the convenience of each venue for the parties, a district court considers several factors, including the travel expenses of each party and any loss of productivity each party would experience if required to litigate in the forum. *Oien v. Thompson*, 824 F. Supp. 2d 898, 903 (D. Minn. 2010) (citing *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010)). "To prevail on a motion to transfer, the movant must show that [the movant's] inconvenience substantially outweighs the inconvenience that plaintiff would suffer if venue were transferred." *Nelson v. Soo Line R.R. Co.*, 58 F. Supp. 2d 1023, 1026 (D. Minn. 1999). Although there is a presumption in favor of a plaintiff's choice of forum, "courts afford that choice significantly less deference when (1) plaintiff does not reside in the selected forum or (2) the transaction or underlying facts did not occur in the chosen forum." *Id.* (internal quotation marks omitted). Here, the Western District of Michigan would be a more convenient and less expensive forum for Li-Bachar, a Michigan resident. Michigan may also be a more convenient forum for Defendants, who are residents of New Jersey and Ireland, than Minnesota, which is located farther west.[2] Because a trial and any related court appearances in the Western District of Michigan would be more convenient for Li-Bachar and likely also for Defendants, this factor weighs in favor of transfer.

---

[2] Defendants also argue that Michigan is a more convenient for Li-Bachar's counsel. But the location and convenience of counsel are not relevant when deciding a motion to transfer venue. *Safeco Ins. Co. of Ind. v. Carlson*, 274 F. Supp. 3d 904, 909 n.7 (D. Minn. 2017).

### B. Convenience of the Witnesses

Defendants argue that the convenience-of-the-witnesses factor favors transfer. Li-Bachar responds that the only witness Defendants identify with particularity is a Minnesota resident.

Courts often consider witness convenience the most important factor when deciding whether to transfer venue. *See Austin v. Nestle USA, Inc.*, 677 F. Supp. 2d 1134, 1138 (D. Minn. 2009). Most relevant to this analysis is the inconvenience to non-party witnesses as "it is generally assumed that witnesses within the control of the party calling them, such as employees, will appear voluntarily in a foreign forum." *Bae Sys.*, 124 F. Supp. 3d at 885–86 (internal quotation marks omitted). As the party seeking transfer, Defendants must identify the essential witnesses to be called and provide a general statement of what their testimony will cover. *Nelson v. Master Lease Corp.*, 759 F. Supp. 1397, 1402 (D. Minn. 1991).

Here, the only witness Defendants identify specifically in their memorandum supporting their motion to transfer—the physician who performed Li-Bachar's revision procedure in Rochester—likely lives in Minnesota.[3] But Defendants also identify "Plaintiff's treating providers" listed on her plaintiff profile form. Li-Bachar's primary care physicians, OB-GYNs and urologists all have addresses in either Michigan or

---

[3] In their reply, Defendants write that Li-Bachar assumes that the doctor who performed her revision surgery lives in Minnesota. But in their initial memorandum, Defendants also "anticipated" that Li-Bachar's revision surgeon was a Minnesota resident. The Court draws the reasonable inference that Li-Bachar's revision surgeon likely lives in Minnesota.

6

Ontario.[4]  In addition, because Li-Bachar was implanted with the TVT in Ontario, it is likely that her implanting surgeon lives in Ontario.  The Western District of Michigan is a more convenient venue for treatment providers in Ontario and Michigan than this District.  Because the parties have identified only one witness for whom the District of Minnesota would be a more convenient forum, and several for whom the Western District of Michigan would be more convenient, the convenience-of-the-witnesses factor weighs in favor of transfer.

### C. Interests of Justice

The parties disagree as to whether the interests of justice favor transferring the lawsuit to the Western District of Michigan.  When evaluating the interests of justice, a district court considers "any case-specific factors relevant to convenience and fairness to determine whether transfer is warranted."  *See In re Apple, Inc.*, 602 F.3d at 912 (internal quotation marks omitted).  These factors include judicial economy, the plaintiff's choice of forum, and any obstacles to a fair trial.  *Austin*, 677 F. Supp. 2d at 1139.  This Court addresses each of these factors in turn.

#### 1. Judicial Economy

Defendants argue that judicial economy favors transfer because the case has "virtually no connection" to Minnesota.  But as addressed above, Li-Bachar alleges that she underwent revision surgery relevant to her claim in Minnesota, and Defendants anticipate that the physician who performed that surgery will be a witness in the case.

---

[4]  Notably, the potential witnesses who live in Ontario reside near the Canadian border with Michigan.

Accordingly, Defendants' argument that the case has "no connection" to Minnesota is unavailing.

Defendants also argue that choice-of-law considerations favor transfer to the Western District of Michigan because, according to them, Michigan law applies to this action. When deciding a motion to transfer, courts consider "conflict of law issues" and "the advantages of having a local court determine questions of local law." *See Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 696 (8th Cir. 1997). But as Li-Bachar observes, the Court has not yet determined which state's law applies to her claims. Accordingly, the judicial economy factor is neutral.

### 2. Plaintiff's Choice of Forum

Defendants argue that, because Li-Bachar does not reside in Minnesota, the presumption in favor of a plaintiff's' choice of forum is weakened.

There is a presumption in favor of a plaintiff's choice of forum. *See In re Apple, Inc.*, 602 F.3d at 913; *see also K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 597–98 (8th Cir. 2011) ("Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." (internal quotation marks and brackets omitted)). But courts afford that choice far less deference when the plaintiff does not reside in the selected forum or the underlying facts did not arise there because "the risk that the plaintiff chose the forum to take advantage of favorable law or to harass the defendant increases." *In re Apple, Inc.*, 602 F.3d at 913. Minnesota is not Li-Bachar's home state. But Li-Bachar underwent revision surgery in Minnesota. Although Li-Bachar may have chosen Minnesota to take advantage of favorable law, these facts tend to balance

one another.  Accordingly, Li-Bachar's choice of forum is not entitled to deference and the choice-of-forum factor is neutral.

### 3. Obstacles to a Fair Trial

Defendants argue that the Western District of Michigan is "better suited" to protect the rights of citizens of its state.  This argument is unpersuasive.  The District of Minnesota is fully capable of addressing the legal issues that will arise in this case.  See Lewis v. Grote Indus., Inc., 841 F. Supp. 2d 1049, 1055 (N.D. Ill. 2012) (observing that "most courts have frowned on the suggestion that the judges of one district are more capable or experienced in a particular area [of law] than are judges of another district.  To hold otherwise would be inconsistent with the generalist nature of the United States district courts.").  There are no obstacles to a fair trial in Minnesota.  Accordingly, the obstacles-to-a-fair-trial factor is neutral.

### D. Conclusion

To warrant transfer, Defendants must show "that the balance of factors strongly favors" transfer and not merely "that the factors are evenly balanced or weigh only slightly in favor of transfer."  *Bae Sys.*, 124 F. Supp. 3d at 884 (internal quotation marks omitted).  Here, the convenience of the parties and the witnesses weighs in favor of transfer and the interests-of-justice factors are neutral.  Because the convenience of the witnesses is the most important factor, *see Austin*, 677 F. Supp. 2d at 1138, Defendants have met their burden to establish that transfer is warranted in this case.  The Court grants Defendants' motion to transfer venue to the Western District of Michigan.

## II. Motion to Dismiss

Defendants also move to dismiss in part Li-Bachar's complaint. Because the Court grants Defendants' motion to transfer, the Court denies Defendants' motion to dismiss without prejudice.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendants' motion to transfer venue, (Dkt. 12), is **GRANTED**.

2. Defendants' motion to dismiss, (Dkt. 27), is **DENIED WITHOUT PREJUDICE**.

3. The Clerk of Court is directed to **TRANSFER** this action to the United States District Court for the Western District of Michigan, Southern Division (Lansing).

Dated: November 21, 2022  
s/Wilhelmina M. Wright  
Wilhelmina M. Wright  
United States District Judge